ROBERT RADFORD v. W. G. RADFORD.

Bail—Recognizance—Forfeiture—Action by Surety Against Principal—Defense.

It is no defense to an action by a surety to recover money paid on a forfeited recognizance, that the principal at the time of the forfeiture was under arrest and in the custody of the officers of the U. S. Government.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

December 17, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant, having become the bail of the appellee for his appearance in the Christian circuit court, was proceeded against on a forfeiture of the recognizance, and adjudged to pay the Commonwealth the sum of $300. And having been compelled to pay about $132.50 of that sum, including costs, he brought this suit against the appellee as his principal in the recognizance, for its recovery.

By the answer of the defendant, which was substantially sustained by the evidence, he was at the time of said forfeiture, under arrest and in the custody of the officers of the Government of the United States, so that it was at the time, not physically in his power to appear in discharge of his recognizance, and the plaintiff, though apprised of this, afterwards when served in the proceeding of the Commonwealth, failed to plead the fact in his defense, by which he might, as the defendant alleged, have avoided the judgment against him.

On a trial by the court, without the intervention of a jury, the defense was sustained, and the petition dismissed, and the plaintiff has appealed to this court.

Whether the reasons assigned and proved, for the non-appearance of the appellee, would if pleaded, have constituted a sufficient defense to the proceeding against the bail, yet as it appears that before the judgment was rendered against the bail, the appel-

lee was released from the custody of the Federal officers and free to surrender himself to answer the charge of the Commonwealth, and might thereby have enabled his bail to obtain the remission of the whole or part of the sum specified in the recognizance, under the provisions of section 94 of the Criminal Code, but failed thereby or otherwise, to aid his bail in avoiding a recovery against him in consequence of his forefeiture, it seems to us the plaintiff was entitled to recover in the action, and that the judgment is, therefore, erroneous.

Wherefore, the judgment is reversed, and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*Campbell, for appellant.*

*Phelps & Son, for appellee.*